```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 CENTENNIAL ELEVATOR INDUSTRIES,            :
                                            :    MEMORANDUM DECISION AND
                         Petitioner,        :    ORDER
                                            :
              - against -                   :    22-cv-4122 (BMC)
                                            :
                                            :
 MICHAEL BRENNAN and LOCAL UNION            :
 NO. 3 INTERNATIONAL                        :
 BROTHERHOOD OF ELECTRICAL                  :
 WORKERS,                                   :
                                            :
                         Respondent.        :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Petitioner, an elevator repair company, commenced this special proceeding in the New York State Supreme Court, alleging that respondents (one of their former employees and his union), had invalidly commenced an arbitration by failing to comply with the terms of the collective bargaining agreement between petitioner and the union. According to the petition, the employee had filed a grievance under the CBA regarding the amount of his pay, and the parties settled the grievance on October 27, 2019 with an increase in his pay rate going forward and extra payments or benefits to cover his back pay.

The petition further alleges that three years later, the employee demanded that more compensation was owed, and served a demand for arbitration upon petitioner. The CBA provides that any demand for arbitration must be served on the employer (petitioner) within two days after completion of the grievance proceeding, and that the employee had waited nearly three years. Thus, the petition sought to permanently stay the arbitration because it was untimely under the terms of the CBA.

Respondents removed the case to this Court based on complete preemption under the Labor Management Relation Act § 301, 29 U.S.C. § 185(c), and the National Labor Relations Act, 29 U.S.C. §§ 152(5) and (7). Petitioner has not contested the removal and this Court, in fulfilling its duty to confirm that it has subject matter jurisdiction over the case, agrees that the case was properly removed. Respondents then cross-petitioned to compel arbitration, alleging that the issue of whether the employee had timely commenced the arbitration proceeding was for the arbitrator, not the court. Petitioner has not opposed.

Respondents rely on Conticommodity Services Inc. v. Philipp & Lion, 613 F.2d 1222 (2d Cir. 1980), and I agree it is dispositive of the issue here. The facts are indistinguishable from the instant case, and the Second Circuit held: "In the absence of express language in the contract referring to a court questions concerning the timeliness of a demand for arbitration, the effect of a time limitation embodied in the agreement is to be determined by the arbitrator." Id. at 1227.[1] See also Hermes of Paris, Inc., No. 20-3451-cv, 2021 WL 5170726 (2d Cir. Nov. 8, 2021) (summary order); Acquaire v. Canada Dry Bottling, 906 F. Supp. 819, 832 (E.D.N.Y. 1995).

---

[1] New York state courts have held that the issue of whether a party has complied with preconditions to arbitration, which can include the timeliness of a demand, is for the courts to decide, at least where there is a New York choice of law provision. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. DeChaine, 194 A.D.2d 472, 600 N.Y.S.2d 459 (1st Dep't 1993). There is no such provision here. Even if there was, I would be disinclined to defer to New York law considering the overriding federal concerns under both the FAA and federal labor law. See PaineWebber v. Landay, 903 F. Supp. 1983 (D. Mass. 1995).

The petition is accordingly denied, and the cross-petition is granted.  Respondents are directed to file a proposed form of judgment within 7 days.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       August 3, 2022

3